IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KIRSTEN TYRREL,<br><br>                 Plaintiff,<br>v.<br><br>MASKCARA INDUSTRIES, INC.,<br><br>                 Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PARTIAL MOTION TO DISMISS MASKCARA'S COUNTERCLAIM**<br><br>Case No. 4:19-cv-89 DN<br><br>District Judge David Nuffer |

Plaintiff Kirsten Tyrrel (Tyrrel) filed a Partial Motion to Dismiss (Motion),[1] pursuant to Rules 9(b) and 12(b)(6), Federal Rules of Civil Procedure, seeking dismissal of the Fourth Cause of Action in the Counterclaim[2] filed by Maskcara Industries, Inc. (Maskcara). Maskcara is a multi-level marketing company. Tyrrel has been in a dispute with Maskacara since May 2019.[3]

## DISCUSSION

Tyrrel argues that Maskcara's fourth cause of action, alleging fraud, should be dismissed because it is based on a series of "potentially hundreds" of allegedly fraudulent transactions[4] that are not sufficiently specified under rule 9(b), Fed. R. Civ.[5] In pleading fraud, a claimant must allege:

> (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other

---

[1] Partial Motion to Dismiss Maskcara's Counterclaim, docket no. 22, filed March 13, 2020.

[2] Answer and Counterclaim, docket nos. 18 and 21, filed February 21, 2020.

[3] Complaint and Jury Demand, docket no. 2, filed October 30, 2019.

[4] Counterclaim ¶ 13.

[5] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage.[6]

Stressing the need to "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof,"[7] Tyrrel maintains that Maskcara's allegations are deficient because they "fail[] to provide any detail" to support the allegation regarding the potentially hundreds of bonus buying transactions. She says that "[t]here is no specificity with respect to dates, which credit cards were used, and, among other things, how these sales constitute a fraudulent misrepresentation."[8]

Tyrrel is incorrect. It is true that Maskcara has not given specific dates for each of Tyrrel's allegedly fraudulent bonus buying transactions. However, Maskcara has identified the nature of the transactions, and has given a specific timeframe during which these transactions occurred (between March 2018 and March 2019).[9] Maskcara has not identified the specific credit cards by number but it has alleged that the cards used to make the purchases in question were "either [Tyrrel's] or her husband's personal credit cards."[10] Maskcara has also clearly explained what makes the purchases fraudulent: they were purchased "under her own account in the names of customers and Artists in her downline,"[11] or "under the accounts of other Artists in her downline"[12] so that they appeared to come from someone other than herself.[13] By so doing, "[Tyrrel] artificially increased the sales of her downline Artists, and thus the sales of [Tyrrel]'s

---

[6] *Fid. Nat. Title Ins. Co. v. Worthington*, 2015 UT App 19, ¶ 10, 344 P.3d 156, 159 (citations omitted).

[7] *Jensen v. Am.'s Wholesale Lender*, 425 F. App'x 761, 763 (10th Cir. 2011) (citation and quotation marks omitted).

[8] Motion at 4.

[9] Counterclaim ¶ 13.

[10] *Id.* ¶ 14.

[11] *Id.*

[12] *Id.* ¶ 15.

[13] *Id.* ¶¶ 16-18.

downline," which "qualif[ied]" her and her downline for bonuses they would otherwise not (and should not) have received.[14]

Maskcara has given other additional details as well, such as that during the same timeframe, "[Tyrrel] created over twenty-five different customer accounts, each using [Tyrrel's] or her husband's personal credit cards and address and the same password to access such accounts."[15] It is not difficult to understand why purchases made using such accounts would constitute fraud. The scheme is easy to understand, though details of each transaction are lacking. Presumably someone so successful as Tyrrel claims to have been[16] would have a very large number of transactions with Maskcara, from which each fraudulent transaction would be difficult to isolate.

This case is not analogous to false statement or False Claims Act cases. In the former, the person defrauded must specifically plead the statement because the statement is the starting point to measure the other eight elements of the fraud claim. In the latter, specificity is required to invoke the specific statutory process. In this case, the scheme is clearly pled. And the nature of the transactions is clearly specified.

"[I]n determining whether a plaintiff has satisfied Rule 9(b), courts may consider whether any pleading deficiencies resulted from the plaintiff's inability to obtain information in the defendant's exclusive control. This reflects the principle that Rule 9(b) does not require omniscience; rather the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim."[17] Here, the details regarding

---

[14] *Id*. ¶¶ 19-20.

[15] *Id*. ¶ 21.

[16] Complaint ¶¶ 27-36.

[17] *United States ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730, 745 (10th Cir. 2018) (citations and quotation marks omitted), *cert. dismissed sub nom. Intermountain Health v. U.S. ex rel. Polukoff*, 139 S. Ct. 2690 (2019).

the specific purchases are likely known only to Tyrrel, so Maskcara's allegations have the specificity required.

Moreover, Maskcara has given alleged verbatim quotes from Plaintiff acknowledging that she engaged in bonus buying. Maskcara alleges that, "in March 2019, Plaintiff encouraged an Artist in her downline to engage in Bonus Buying to meet their monthly minimum sales requirements."[18] When "the downline Artist expressed discomfort with the idea and stated that, moving forward, she would not engage in Bonus Buying," Tyrrel allegedly "replied, 'Well . . . you didn't haha. I did.'"[19]

Further, "[i]n another conversation with an Artist in her downline, [Tyrrel] stated that she was terminated '[f]or bonus buying' to keep another Artist 'active,' that Plaintiff 'hadn't even done it in months' but '[t]here was one month where [Plaintiff's downline Artist] was a lot further than [Plaintiff realized] to get to influencer,' and that Plaintiff tries 'to keep [Plaintiff's downline Artist] there cuz it's a massive difference in her check.'"[20] These are not, as Tyrrel argues,[21] simple acknowledgments that she was *terminated* due to allegations of bonus buying. If proven, they are *admissions* of bonus buying.

The specificity of Mackcara's allegations as to the nature of the fraudulent activity – and Tyrrel's admissions – show that, contrary to Tyrrel's position, Maskcara is not engaged in a mere fishing expedition. "Perhaps the most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of Rule 9(b) is the determination of how much detail is necessary to give adequate notice to an adverse party and to enable that party

---

[18] Counterclaim ¶ 23.

[19] *Id*.

[20] *Id*. ¶ 24.

[21] Reply Memorandum in Support of Plaintiff's Partial Motion to Dismiss Maskcara's Counterclaim at 2, docket no. 29, filed April 10, 2020.

4

to prepare a responsive pleading."[22] Here, Tyrrel was able to respond to Maskcara's allegations. Tyrrel specifically denied each of the factual allegations discussed above (fact paragraphs 13-26 of the Counterclaim).[23] Under the circumstances presented here, she has been given enough information regarding the factual basis for Maskcara's fraud claim to satisfy rule 9(b).

The facts related to these allegations will be determined by disclosure and discovery.

### ORDER

For the foregoing reasons, the Motion to Dismiss[24] is DENIED.

Signed May 4, 2020.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[22] Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1298 (4th ed.) (footnote omitted).

[23] Answer to Counterclaim at 3, docket no. 23, filed March 13, 2020. Tyrrel only denies application of these facts to the fraud elements (paragraphs 56-63 of the Counterclaim) "[t]o the extent a response is required." *Id*. at 5.

[24] Partial Motion to Dismiss Maskcara's Counterclaim, docket no. 22, filed March 13, 2020.